IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT FOR MISSOURI
SOUTHERN DIVISION

J.M., a Minor Child,
by and through his Natural Father and Mother
and Next Friends, G.M. and W.S.

G.M.,
Individually,
And
W.S.,
Individually,
Plaintiffs,

v.

Case. ___________________

OZARK HORIZON STATE SCHOOL
Serve: 1715 Wayhaven Drive
West Plains, MO 65775

MISSOURI STATE BOARD OF EDUCATION,
Serve: 205 Jefferson Street
Jefferson City, Missouri 65101

MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION,
Serve: 205 Jefferson Street
Jefferson City, Missouri 65101

MISSOURI SCHOOLS FOR THE SEVERELY DISABLED,
Serve: 205 Jefferson Street
Jefferson City, Missouri 65101

SHERYL YOUNGBLOOD
Serve: 1715 Wayhaven Drive
West Plains, MO 65775

CHRISTY RENEE RINEAR,
Serve: 609 Ridgeway Drive
Mountain View, MO 65548

Defendants.

## PLAINTIFFS PETITION FOR DAMAGES

COMES NOW Plaintiff J.M. ("J.M."), a minor male child, by and through his Natural Father and Mother and Next Friends, G.M. and W.S., and by G.M. and W.S. personally, by and through undersigned counsel, and for their claims against Defendants, state as follows:

## PARTIES

1. Plaintiff J.M. is a severely developmentally disabled, and non-verbal minor male child who, on March October 19, 2022, was 9 years-old and residing with his father, G.M., and mother, W.S. in Ozark County, Missouri.

2. Defendant Ozark Horizon State School is a Missouri public school for the Severely Disabled located at 1715 Wayhaven Drive, West Plains, Missouri 65775.

3. Defendant Christy Renee Rinear ("Rinear"), is an adult individual and upon information and belief can be found at 609 Ridgeway Drive, Mountain View, Missouri 65548.

4. Defendant Sheryl Youngblood is an adult individual and upon information and belief can be found at 1715 Wayhaven Drive, West Plains, Missouri 65775.

5. The MSBE ("MSBE") is the state-level governing body charged with determining educational policy for the State's primary and secondary schools.

6. The MSBE's main office, and principal place of business is located at 205 Jefferson Street, Jefferson City, Missouri 65101.

7. The Missouri Department of Elementary and Secondary Education ("MDESE") administers primary and secondary public education in the State of Missouri.

8. The MDESE is located at 205 Jefferson St., Jefferson City, Missouri 65101, its principal place of business.

9. The Missouri Schools for the Severely Disabled ("MSSD") is a State-operated program serving students with severe disabilities, administered by the State Board of Education, and the school district encompassing Ozark Horizon State School.

10. The MSSD's main office is located at 205 Jefferson Street, Jefferson City, Missouri 65101, its principal place of business.

11. Defendants are individually liable and/or vicariously liable for the act(s) and/or omission(s) of their agent(s) and/or employee(s) performed in the course and scope of their employment set forth herein.

**JURISDICTION**

12. Jurisdiction is proper because one or more of the Defendants transacts business in the State of Missouri, County of Howell, and the commission of the tortious act(s) occurred within in the State of Missouri, County of Howell and the allegations and claims herein contain both State and Federal causes of action.

13. Upon information and belief, the Defendants may maintain a policy of insurance with respect to tort claims filed against them, and therefore, to the extent that the Defendants may attempt to assert a defense of sovereign immunity with respect to any claim raised herein, Defendants have waived such claim under the provisions of R.S.Mo. § 537.610 by maintaining such policy of insurance as set forth more specifically herein.

**VENUE**

14. Pursuant to R.S.Mo. § 508.010, venue is proper because one or more of the Defendants are a citizen of and/or transacts business in the State of Missouri, County of Howell, and the tortious conduct complained of occurred in Howell County, Missouri. Further, the suit

contains allegations of Federal law violations which make jurisdiction proper with the Federal Western District of Missouri, Southern Division.

**FACTUAL ALLEGATIONS**

15. Defendant Ozark Horizon State School is a Missouri public school under the control of the MSBE, the MDESE, and the MSSD.

16. Ozark Horizon State School was, at all times relevant, the employer of the other named individual Defendants named in this Petition.

17. Defendant Rinear was, at all times relevant, an employee of Ozark Horizon State School acting in the course and scope of her employment.

18. Defendant Youngblood was, at all times relevant, and employee of Ozark Horizon State School acting in the course and scope of her employment as Building Administrator/ Area Director.

19. Defendant Ozark Horizon State School is a day school for the severely disabled.

20. Plaintiff J.M. was, at all times relevant, a student at the Ozark Horizon State School.

21. Plaintiff J.M. is currently a 10 year-old male with a disability as defined under R.S.Mo. § 213.010.1(4) and was 9-years-old in October, 2022.

22. Ozark Horizon State School's Handbook defines the Mission of the school (*See* Exhibit A) as follows:

"Missouri Schools for the Severely Disabled will ensure students learn functional academic skills in a safe environment to be integrated into their home, community, leisure and work"

23. Ozark Horizon State School's Handbook defines the "MSSD Beliefs" in relevant part as follows:

a. "Everyone has the right to be treated with dignity and respect"

b. "Each individual has the responsibility to positively influence community attitudes regarding people with disabilities".

c. "Skills, teaching materials and instructional settings must promote consistency with the student's chronological age, interests and abilities"

d. "All students communicate and all communication has meaning"

e. "All behaviors have a purpose"

f. "Parents, staff and community have an instrumental role in the lives of students."

24. Ozark Horizon State School's Handbook defines the "MSSD Beliefs" in relevant part as follows:

a. "MSSD personnel shall treat students, parents, contractors, volunteers and members of the public with courtesy and respect."

b. "Parents, other visitors to the school, volunteers, contract service providers, contractors and other members of the public shall treat students, teachers, school administrators and other school staff with courtesy and respect."

c. "Any parent, other visitor to the school, volunteer, contract service provider, contractor or other member of the public who believes that her or she was subject to unacceptable or disruptive conduct on the part of a staff member, should bring such conduct to the attention of the building administrator, who will report to the area director."

d. "If the building administrator is believed to be the staff member exhibiting unacceptable or disruptive conduct, such concern is to be brough to the attention of the area director."

25. Ozark Horizon State School's Handbook defines their "Discipline" policies in relevant part as follows:

a. "MSSD assumes the responsibility for providing educational services in an orderly environment to promote learning."

b. "Individual student abilities, age, maturity and circumstances surrounding discipline will be considered when establishing behavior expectations and discipline…"

c. "MSSD focuses on preventing behavior problems before they begin or escalate into more serious situations. Staff identifies what the student may be communicating or the reasons behind the challenging behavior. Students are taught more appropriate ways of responding and communicating in stressful situations. MSSD does not use corporal punishment under any circumstances. Derogatory statements about the student or to the student are not tolerated."

d. "School Wide Positive Behavioral Support Initiative (SW-PBIS) is being implemented at MSSD. It is a process for creating safer and more effective schools by structuring the learning environment to support the academic and social success of all students. SW-PBIS is a national and international initiative currently implemented in over 7,000 schools. SW-PBIS is supported through the US Office of Special Education Programs (OSEP) and by the DESE, Effective Practices."

26. Ozark Horizon State School's Handbook defines their "Individualized Education Program (IEP)" in relevant part as follows:

a. "An IEP is an individualized written document describing the student's educational program. Parents and local education agencies (LEA) will be requested to assist in the development of the student's IEP. The IEP will focus on the student's learning needs and address the services required to implement the educational program. The local school district of residence is responsible for assessments of students attending MSSD."

b. "The IEP is developed at an IEP team meeting, which is an opportunity for educators, parents and the student to work together to design the educational priorities. Parents are key members of the IEP team. This is the time for parents to share ideas and concerns about their child's education. Parents may contact their child's teacher at any time to request an IEP meeting when they think changes are needed in the educational program."

27. Trusting in the written policies promulgated by Ozark Horizon State School and the MSSD, Plaintiff J.M.'s parents left J.M. in the supervision, care, custody, and protection of Ozark Horizon State School and the other Defendants.

28. J.M. has an individual private constitutional interest in attending Ozark Horizon State School based upon Missouri Constitution Article 9 § 3(b).

29. Each and every one of the Defendants owed a private individualized duty of supervision care, custody and protection of J.M. as a student of Ozark Horizon State School.

30. On or about October 14, 2022, Defendant Rinear physically assaulted the minor child, J.M., by grabbing the minor child by his arms and slamming him against the wall. The minor child broke away from Rinear at which point she chased after him until the minor child fell to the ground and was able to move away from Defendant Rinear.

31. On or about October 19, 2022, Defendant Rinear again physically assaulted the minor child, J.M., by grabbing the minor child by his arms and raising her hand in the air like she was going to strike the child. Defendant Rinear then realized that another school staff member was observing the assault and released the minor child before striking him.

32. On or about October 20, 2022, the Plaintiff minor child was taken to the Children's Division Child Advocacy Center for examination regarding the allegations. During the examination, bruising in the shape and form of a handprint was documented on the minor child's arms that would corroborate and confirm the allegations of physical assaults by Defendant Rinear.

33. During the Children's Division investigation, it was discovered that Defendant Rinear had assaulted the minor child on multiple previous occasions by grabbing the child and only releasing him when others were watching and had once attempted to physically force food into the minor child's mouth that he was not eating during meal time causing the child to be upset and cry. School staff reported that Defendant Rinear was "fixated" on the minor child, would hover over the minor child most of the school days and that Defendant Rinear had been instructed to "back off" the minor child several times prior to October 14, 2022. Staff further stated that the minor child's behavior had deteriorated due to the physical assaults by Defendant Rinear.

34. Defendant Sheryl Youngblood observed and/or had personal knowledge of the physical assaults/abuse endured by the minor child, J.M., and did not report the abuse to any appropriate law enforcement or child protective agency in a timely manner. Staff who observed or who had knowledge of the assaults/abuse were instructed not to report the incidents to the State hotline, but rather only to report to Defendant Youngblood. Defendants took no further immediate appropriate actions to stop or remedy the abuse of the minor child.

35. Each and every one of the Defendants was aware of a similar assault on a minor, severely disabled student at the school that had occurred in March, 2022 by previous staff of the school. Despite the actual knowledge of such previous assaults, no appropriate actions, policies or safeguards were put in place to prevent further similar assaults from occurring against other similarly severely disabled students in the future.

36. Despite the actual knowledge of the Defendants after the assaults of the minor child, Defendant Rinear was not removed as a teacher at the school but was instead allowed to keep teaching until Thanksgiving break of 2022.

37. Each and every one of the Defendants breached the Ozark Horizon State School's Policy and their duty of supervising, custody, care and protection of J.M. while J.M. was in their

care and each and every one of the Defendants was the direct and/or proximate cause of J.M.'s damages.

38. The Defendants' strict compliance with Ozark Horizon State School's Policies outlined herein was a ministerial duty imposed by the State of Missouri.

39. The Defendants' strict compliance with Ozark Horizon State School's Policy was not a discretionary function, and did not require Defendants to exercise judgment.

40. Even if Defendants' strict compliance with Ozark Horizon State School's Policy is found to be a discretionary function, Defendants acted in bad faith and with malice in contravention to the parents' specific instructions and expectations.

41. Defendants' failure to comply with Ozark Horizon State School's Policy and the parents' specific instructions and expectations constitutes a deliberate and intentional disobedience of directions to take precautions in protecting the civil rights of Plaintiff J.M.

42. The Defendants' physical assault, emotional cruelty and failure to report the actions or take remedial efforts to stop or report such actions, in direct contradiction to Ozark Horizon State School's Policy and the parents' specific instructions and expectations was intended to cause injury, without legal justification or excuse, and was done knowingly and deliberately, and for a discriminatory and improper motive.

43. The Defendants' physical assaults, emotional cruelty and failure to report the actions or take remedial efforts to stop or report such actions in contravention to Ozark Horizon State School's Policy constitutes tortious conduct for which Defendants cannot claim immunity.

44. Each and every Defendant breached their duty of care by the physical assault, emotional cruelty and failure to report the actions or take remedial efforts to stop or report such actions in violation of the Ozark Horizon State School's Policy.

45. Upon information and belief each and every Defendant knew about the physical assaults and emotional cruelty suffered by J.M. and failed to inform the Building Administrator or other state agency, Defendants were in violation of the Ozark Horizon State School's Policies and its purposes but did not care about the safety or dignity of J.M.

46. Defendants knew Plaintiff J.M. requires full time assistance, was unable to verbally communicate his suffering and needed to be protected and safeguarded by those in charge of his education and safety.

47. The parents of J.M. were not made aware of the assaults and abuse suffered by their child, J.M., in a timely or appropriate manner.

48. Defendant Rineaer breached the standard of care and failed to protect J.M. while in the custody of Ozark Horizon State School by physically assaulting the minor child, J.M.

49. Defendant Sheryl Youngblood breached her duty of care and duty to protect J.M. while in Ozark Horizon State School's custody by observing and/or having personal knowledge of the physical assault/abuse endured by the minor child, J.M., during October, 2022 and not reporting the abuse to any appropriate law enforcement or child protective agency. Defendant Youngblood took no appropriate actions to stop or remedy the ongoing abuse of the minor child.

50. Every child has the right to say "no" or report physical or emotional abuse, but J.M.'s severe disabilities literally prevent him from being able to verbally say "no" or report the physical and emotional abuse and Defendants were all aware that J.M. could not speak for himself to prevent the and/or report the abuse.

51. Ozark Horizon State School compromised itself and it's staff when numerous school employees and administrators could have disallowed or prevented the ongoing physical and emotional abuse of a 9 year-old severely developmentally disabled male child who did not have the ability to stand up for himself.

52. Ozark Horizon State School's Policy 6410, R.S.Mo. § 566.100, R.S.Mo. § 213.065.1, R.S.Mo. § 213. 070.2, 42 USC § 1983, 42 USC § 12131, The Americans with Disabilities Amendments Act of 2008, § 504 of the Rehabilitation Act of 1973, and 20 USC § 1681 were statutory, and/or departmentally-mandated duties, and violations thereof represent breaches of duty, including ministerial duties—thus removing the bar of any official immunity Defendants may claim.

53. Plaintiff's position as a non-verbal severely disabled minor with Defendants as trusted authority figures so affected Plaintiff J.M. that he was not able to know, recognize, understand, report, or take legal action until his parents were made aware of the physical assaults and emotional cruelty.

54. As a direct result of Defendants' intentional and negligent conduct, Plaintiff J.M. suffered and will continue to suffer severe pain of the body, medically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.

55. As a result of Defendants' intentional and negligent conduct, Plaintiff J.M.'s parents will now incur additional costs for J.M.'s education and care.

56. Plaintiff J.M. was unable to prevent being a victim of physical and emotional abuse perpetuated upon him by Defendants until J.M.'s parents were made aware of said abuse, and therefore commenced this cause of action in a timely manner.

57. Each Defendant repeatedly ordered, allowed, and/or permitted unlawful conduct to be taken against J.M., despite the parents' expectations and trust in the Defendants, and despite Ozark Horizon State School's own policy against such conduct.

58. As a direct and proximate result of Defendants' unlawful acts and discrimination, J.M. has sustained injuries and damages including but not limited to pain of the body, medically diagnosable emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and disruption of his education and life.

59. The parents of J.M. sustained injuries and damages, including but not limited to, diagnosable emotional distress, embarrassment, anger, outrage, a sense of distraught, helplessness, betrayal, and humiliation upon witnessing the effects of their severely developmentally disabled 9-year-old son being physically and emotionally abused.

60. As a direct and proximate result of Defendants' unlawful conduct, the parents of J.M. have been subject to emotional trauma, and have been further damaged by the need to take additional time from their employment in order to care for J.M.

61. Each of the individual Defendants undertook a duty pursuant to Plaintiff J.M.'s Individual Education Plan ("IEP") or the school's policies that requires the individual Defendants to be responsible for her individual needs and specific education and adapt the requirement due to his unique and individual circumstances.

62. The duty owed to Plaintiffs in the breach by the individual Defendants was an individual duty owed specifically to Plaintiff J.M. and his parents and was not a generic duty owed to the public at large.

63. The Crime Victims with Disabilities Act is a U.S. law designated to increase public awareness of the plight of people with disabilities and being victimized by crime at higher rates than the rest of the population.

64. Predators perceive people with disabilities as weak and vulnerable and they are ten times more likely to be abused than their non-disabled peers and likely abused by their caretakers or someone they know.

65. The individual Defendants make up a group of specialists and individual resources necessary for Plaintiff J.M.'s individual educational needs that require the individual Defendants to be aware of changes in his behavior that may signal problems because of J.M.'s severe

developmental disability combined with his non-verbal nature, makes him unable to communicate matters or wrongful conduct affecting his daily life.

66. The Defendants owed a duty to Plaintiff J.M. and his parents because he is non-verbal and has severe developmental disabilities to monitor his behaviors, to understand how changes in his behaviors communicate happenings that impact his life.

67. It was reasonably foreseeable by the individual Defendants that physically and emotionally assaulting J.M., or allowing him to be assaulted without reporting or stopping the assaults, was unsafe and undignified personally for J.M. and a violation of the School Policies.

68. J.M. has a right to a free, appropriate public education and Congress recognized that children with disabilities have special needs under the Individual with Disabilities Education Act ("Act") in 1975.

**COUNT I**
**NEGLIGENCE**
**(Against Defendants Rinear and Youngblood)**

69. Plaintiffs incorporate all allegations contained in this Petition as though fully set forth herein.

70. Plaintiff J.M. was physically assaulted and/or emotionally abused by staff of the school.

71. Defendants owed a duty of reasonable care under the circumstance to J.M. as he is a severely disabled, non-verbal student of Ozark Horizon State School to protect J.M. from physical assaults and emotional abuse by the staff members.

72. Defendants owed a duty of care to adhere to school policies regarding the physical and emotional needs of their students, particularly students of J.M.'s age (9-years-old) and severe disability.

73. Each of the Defendants breached their duty by physically assaulting and/or allowing staff members to repeatedly assault the minor, J.M.

74. J.M. has sustained psychological trauma, physical trauma, physical pain, learned wrongful conduct, and emotional distress as a result of Defendants' actions and omissions.

75. Defendants' acts and omissions have caused physical and emotional damages as a result of the physical assaults and emotional abuse perpetuated against J.M. contrary to both the parents' expectations and the school's own policy.

76. Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing J.M. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to J.M.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, to J.M. and his parents, physical trauma and abuse, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre-judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT II**
**<u>NEGLIGENT SUPERVISION</u>**
**<u>(Against Defendant Youngblood)</u>**

77. Plaintiffs incorporate all allegations contained in this Petition as though fully set forth herein.

78. The individual defendants, at all times pertinent herein were acting within the course and scope of their employment to further the business or interests of the employer under the employers' general authority and direction.

79. Following the employers' policies and ensuring J.M. is safe from physical assaults or emotional abuse falls with the employment duties of the individual defendants which naturally arises from the performance of the employers' work while engaged in the employer's business.

80. Defendants had a duty to use ordinary care to protect J.M. against foreseeable risks of harm—including assaults or abuse by other employees.

81. Defendants breached this duty by assaulting J.M. and/or allowing J.M. to be repeatedly assaulted or abused without reporting said abuse or taking any actions to insure that the assaults and abuse were stopped and addressed.

82. Each Defendant knew or should have known of the necessity of exercising special care and protection of J.M. to prevent any assaults or abuse in accordance with the expectations of J.M.'s parents and the Ozark Horizon State School's Policies.

83. The Defendants had a duty to exercise reasonable care while acting within the scope of their employment to prevent other employees from intentionally harming others for conducting themselves in a manner as to create an unreasonable risk of bodily harm.

84. Defendants knew, or had reason to know, they had the ability to monitor or control their school staff and knew or should have known of the necessity and opportunity for exercising such control and failed to J.M. so.

85. Each of the Defendants breached this duty of care by failure to properly supervise, train, or screen during the hiring process, contrary to Ozark Horizon State School's Policy and J.M.'s civil rights as a non-verbal and severely disabled child.

86. Defendants' actions have caused J.M. physical and emotional damages as a result of the physical assaults and abuse suffered by J.M.

87. Defendants' acts and omissions relative to the October, 2022, assaults and abuse were wanton, and malicious, and took place with reckless disregard to J.M.'s rights warranting punitive damages.

88. J.M., as a student at Ozark Horizon State School, is within the class of persons intended to be protected by this policy.

89. But for the Defendants' blatant violation of its own policies, J.M. would not have sustained the physical and emotional injuries complained of.

90. J.M.'s injuries are those that the School policies are designed to prevent.

91. Due to J.M.'s developmental disabilities and non-verbal nature, J.M. did not, and J.M.es not have the capacity to object to such assaults and abuse or report it after it has ocurred.

92. But for the assaults and abuse, J.M. would not have sustained the physical and emotional injuries complained of.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma and molestation, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre-judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT III**

**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT/ THE AMERICANS WITH DISABILITIES ACT AS AMENDED**
**(Against Ozark Horizon State School; MSBE, MDESE; MSSD)**

93. Plaintiff J.M. incorporates all allegations contained in this Petition as though fully set forth herein.

94. 28 CFR Part 35, subpart F, § 35.178 provides that:

> "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of

> competent jurisdiction for a violation of this Act. In any action against a State for a violation of the requirements of this Act, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State."

95. Plaintiff is a severely developmentally disabled male child, and a "qualified individual with a disability" as defined in 42 USC § 12131(2). *See also* ADA Amendments Act of 2008, § 4.

96. The ADA/ADAAA and implementing regulations require that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

97. State Defendants failure to protect against the assaults against Plaintiff and failure to promptly and appropriately respond to Plaintiff's initial assault, based upon his disability, resulted in Plaintiff being excluded from participation in, and being denied the benefits, services, programs, and activities as a student of Ozark Horizon State School.

98. Following the initial assaults against the minor Plaintiff, of which State Defendants had actual notice, State Defendants acted with deliberate indifference toward Plaintiff by:

a. Failure to establish and implement effective policies, procedures and training to properly prevent, investigate and address assaults and harassment of students;

b. Failure to follow any and all appropriate procedures in place to properly prevent, investigate and address assaults and harassment of students;

c. Failure to properly report, investigate and address the initial assaults against Plaintiff and other students thereby allowing additional assaults to occur against Plaintiff;

d. Failure to impartially investigate the initial assaults against the Plaintiff and other students;

e. Failure to appropriate and immediately take remedial actions regarding the assaults against Plaintiff thereby allowing the school staff to remain in their positions and allowing further ongoing assaults against the Plaintiff; and

f. Failure to appropriately and immediately protect the education of the minor, disabled Plaintiff and offer him immediate alternative educational services that he had been denied due to the physical assaults against him.

99. As a direct and proximate result of State Defendants' deliberate indifference to the rights and safety of Plaintiff, Plaintiff has suffered psychological trauma, emotional distress and trauma, physical pain and suffering, loss of educational advantages, irreparable harm to his reputation and good name, increased future costs of care and treatment and attorney's fees.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT IV**
**VIOLATION OF THE REHABILITATION ACT OF 1973**
**(Against Ozark Horizon State School; MSBE; MDESE and MSSD)**

100. Plaintiff J.M. incorporates all allegations contained in this Petition as though fully set forth herein.

101. Plaintiff J.M. is an "Student with a Disability" as defined by 29 USC 705(37) [Section 504 of the Rehabilitation Act of 1973].

102. Upon information and belief, Ozark Horizon State School is a recipient of federal funds, and is a public entity under the jurisdiction of 29 USC 705(37) [Section 504 of the Rehabilitation Act of 1973].

103. The Rehabilitation Act and its implementing regulations require that Defendants administer programs/activities in the most integrated setting appropriate to the needs of qualified handicapped/disabled persons. 28 CFR § 41.51 and 45 CFR § 84.4. Under the Rehabilitation Act, Defendants are required to afford students with disabilities equal opportunities, and to protect their civil rights from birth to death.

104. State Defendants failure to protect against the assaults against Plaintiff and failure to promptly and appropriately respond to Plaintiff's initial assault, based upon his disability, resulted in Plaintiff being excluded from participation in, and being denied the benefits, services, programs, and activities as a student of Ozark Horizon State School.

105. Following the initial assaults against the minor Plaintiff, of which State Defendants had actual notice, State Defendants acted with deliberate indifference toward Plaintiff by:

a. Failure to establish and implement effective policies, procedures and training to properly prevent, investigate and address assaults and harassment of students;

b. Failure to follow any and all appropriate procedures in place to properly prevent, investigate and address assaults and harassment of students;

c. Failure to properly report, investigate and address the initial assaults against Plaintiff thereby allowing additional and worsening assaults to occur against Plaintiff;

d. Failure to impartially investigate the initial assaults against the Plaintiff and further falsifying their reports to indicate that the minor Plaintiff was in fact the

physical aggressor and had assaulted the staff members and needed to be removed from the school;

e. Failure to appropriate and immediately take remedial actions regarding the assaults against Plaintiff thereby allowing the school staff to remain in their positions and allowing further ongoing assaults against the Plaintiff; and

f. Failure to appropriately and immediately protect the education of the minor, disabled Plaintiff and offer him immediate alternative educational services that he had been denied due to the physical assaults against him.

106. As a direct and proximate result of State Defendants' deliberate indifference to the rights and safety of Plaintiff, Plaintiff has suffered psychological trauma, emotional distress and trauma, physical pain and suffering, loss of educational advantages, irreparable harm to his reputation and good name, increased future costs of care and treatment and attorney's fees.

107. Defendants' acts or deliberate indifference to the rights of Plaintiff and the assaults and abuse, were wanton, and malicious, and took place with reckless disregard to J.M.'s rights warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

## COUNT V
## <u>CIVIL ASSAULT AND BATTERY</u>
## (Against Defendant Rinear)

108. Plaintiff J.M. incorporates all allegations contained in this Petition as though fully set forth herein.

109. Defendant Rinear intended to cause harmful or offensive contact to J.M., or apprehension thereof.

110. As a result of Defendants' unlawful conduct, J.M. was subjected to harmful and offensive contact or the apprehension of the assaults and battery by Defendants.

111. J.M. was damaged due to Defendants' civil assault and battery.

112. The Individual Defendants' assault and battery against the minor child was in connection with the servant's employment although the act was not authorized, if the act was not unexpected in view of the duties of the servant, then there would have been no policy against it.

113. Although the act was not authorized, it was reasonably foreseeable that it could occur when performing the principle business of the employer.

114. Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing J.M. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to J.M.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Christy Rinear for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against Defendant Rinear)**

115. Plaintiff J.M. incorporates all allegations contained in this Petition as though fully set forth herein.

116. Defendants acted intentionally in physically assaulting and emotionally abusing J.M. and/or in failing to report or take actions to stop the assaults and abuse against J.M..

117. Defendants acted recklessly physically assaulting and emotionally abusing J.M. and/or failing to report or take actions to stop the assaults and abuse against J.M..

118. Plaintiffs' severe emotional distress is medical diagnoseable.

119. Physically assaulting and emotionally abusing J.M. and/or failing to report or take actions to stop the assaults and abuse against J.M. amounts to extreme and outrageous conduct.

120. Defendant's acts and/or omissions related to the assaults and incidents of allowing J.M. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to J.M.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Rinear for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT VII**
**FRAUD**

**(Against Defendants Rinear and Youngblood)**

121. Plaintiff J.M. incorporates all allegations contained in this Petition as though fully set forth herein.

122. After reviewing and believing the Ozark Horizon State School handbook, the written IEP for J.M.'s educational program and the written, published policies of the MSSD, J.M.'s parents decided to entrust Defendants with the care and education of their minor child.

123. Defendants' representation was a material fact because since J.M. enrolled at Ozark Horizon State School, J.M.'s parents have specifically relied upon the written policies and promises made by Defendants as to how their son would be treated and cared for while in their care and control.

124. The representation was also a material fact in that according to generally accepted social norms, and to instruct otherwise leads to the abuse, civil assault and battery, harassment, and the reckless disregard for the civil rights of a severely disabled non-verbal young man.

125. Defendants knew, or should have known, that the representations were false and J.M.'s parents had no knowledge the representation was false but instead, reasonably relied to their detriment that their son would be protected and treated according to the written policies and promises.

126. Defendants knew their representation were false and Defendants had superior knowledge because they had the superior control and daily knowledge of J.M.'s treatment at school, and in fact, had either committed the acts of assault and abuse or had witnessed or had personal knowledge of said abuse.

127. Defendants intended and expected J.M.'s parents to act upon their misrepresentation because Ozark Horizon State School has been J.M.'s only option of a school, and the school has made adamant efforts to convince J.M.'s parents to rely that there is no other school alternative that would be in the best interest of J.M..

128. J.M.'s parents were ignorant of the falsity of Ozark Horizon State School's representations and trusted that the Defendants would respect and follow the written guidelines of the school or the MSSD or MSBE.

129. J.M.'s parents reasonably relied to their detriment and to J.M.'s detriment on the school's representation that J.M. would be treated with safety and dignity and protected against any and all assaults or abuse by school staff.

130. J.M.'s parents reasonably relied on Defendants' representations to protect J.M. to Plaintiffs' detriment and Plaintiffs were damaged.

131. J.M.'s injury and damages such as psychological trauma, emotional distress and trauma, physical trauma and abuse, future costs of care and treatment, attorney's fees, pain and suffering, were proximately caused by the representations made by Defendants.

132. Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing J.M. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to J.M.'s civil rights, warranting punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

**COUNT VIII**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE**
**(Against Defendants Rinear and Youngblood)**

133. Plaintiffs G.M. and W.S. incorporate all allegations contained in this Petition as though fully set forth herein.

134. Defendants acted negligently with respect to J.M. suffering repeated physical assaults and emotional abuse.

135. Defendants acted negligently in reporting the physical assaults and emotional abuse against J.M. to the appropriate school or state authorities or in demanding and/or stopping the repeated assaults and abuse against J.M..

136. Defendants should have realized that allowing the repeated assaults and abuse of a disabled 9- year-old boy to continue without reporting it to authorities or taking other steps to stop the assaults on J.M., involved an unreasonable risk of harm to J.M..

137. Plaintiff J.M.'s parents were in the zone of danger by observing on videos the extremely emotionally provoking sight of their vulnerable, severely developmentally disabled 9-year-old son being physically assaulted and emotionally abused by school staff.

138. Plaintiff J.M.'s parents were placed in reasonable fear of physical injury for their son and emotionally provoked with outrage at the sight of their vulnerable, severely developmentally disabled 9-year-old son being physically assaulted and emotionally abused by school staff.

139. As a result of Defendants' aforementioned acts and omissions, J.M.'s parents suffered emotional distress, outrage, humiliation, fear, anguish, and anxiety in concern for their severely developmentally disabled 9-year-old son.

140. Each of the Defendants' acts and/or omissions related to the assaults and incidents of allowing J.M. to be in an unsafe, undignified position were wanton, and malicious, and/or took place with reckless disregard to J.M.'s civil rights, warranting punitive damages.

141. Defendants' acts and omissions were so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained including psychological trauma, emotional distress and trauma, physical trauma, future

costs of care and treatment, attorney's fees, pain and suffering, costs, pre- judgment interest, post-judgment interest, punitive damages, and for any further relief that the Court deems just and proper under the circumstances.

Respectfully submitted,

SCRIVNER LAW FIRM, LLC

/s/ Dayrell Scrivner

Dayrell L. Scrivner #44529
1440 State Hwy 248, Suite Q #451
Branson, MO 65616
417-699-0074
417-429-2159 fax
law@scrivnerlawfirm.llc
Attorney for Plaintiffs