| | | |
|---|---|---|
| J.M., by and through G.M and W.S., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  6:23-cv-03222-MDH |
| | ) | |
| OZARK HORIZON STATE SCHOOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Ozark Horizon State School ("Ozark"), Missouri State Board of Education ("MSBE"), Missouri Schools for the Severely Disabled ("MSSD"), Missouri Department of Elementary and Secondary Education ("MDESE"), and Sheryl Youngblood (collectively "Defendants") Motion for Judgment on the Pleadings. (Doc. 81). Defendant Christy Renee Rinear additionally joins Defendants' Motion for Judgment on the Pleadings as to Count VIII. (Docs. 94 and 98). Defendants have filed Suggestions in Support (Doc. 82), Plaintiffs filed Suggestions in Opposition (Doc. 100) and Defendants have filed a reply. (Doc. 105). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion for Judgment on the Pleadings is **GRANTED** as to Counts III, IV, and VIII.

## BACKGROUND

This case arises out of an alleged assault and battery of a developmentally disabled student at Ozark Horizon State School. Plaintiff J.M. is a severely developmentally disabled non-verbal minor male child who in October of 2022 was 9 years-old and residing with his father, G.M., and mother, W.S., in Ozark County Missouri. Defendant Ozark is a Missouri public school for the severely disabled located in West Plains, Missouri. Defendant Christy Renee Rinear was an

1

employee of Defendant Ozark and is sued in her individual capacity. Defendant Sheryl Yongblood is an employee of Defendant Ozark and is sued in her individual capacity. Defendant MSBE is the state-level governing body charged with determining educational policy for the State's primary and secondary schools and is located in Jefferson City, Missouri. Defendant MDESE administers primary and secondary public education in the State of Missouri and is located in Jefferson City, Missouri. Defendant MSSD is a State-operated program serving students with severe disabilities, administered by the State Board of Education and the school district encompassing Ozark Horizon State School and is located in Jefferson City Missouri.

Plaintiffs allege that at all times relevant J.M. was a student at Defendant Ozark. On or about October 14, 2022, Plaintiffs allege that Defendant Rinear physically assaulted J.M. by grabbing him by his arms and slamming him against the wall. Plaintiffs state J.M. broke away from Defendant Rinear at which point she chased after him until he fell to the ground. On or about October 19, 2022, Plaintiffs allege Defendant Rinear again physically assaulted J.M. by grabbing his arms and raising her hand in the air like she was going to strike J.M. Plaintiffs state that Defendant Rinear realized that another school staff member was observing the assault and released J.M. On or about October 20, 2022, Plaintiffs state J.M. was taken to the Children's Division Child Advocacy Center and during the examination, bruising in the shape and form of a handprint was documented on his arms.

Plaintiffs further argue that Defendant Youngblood observed and/or had personal knowledge of the physical assaults/abuse endured by J.M. and did not report the abuse to any appropriate law enforcement or child protective agency in a timely manner. Plaintiffs allege that staff who observed or who had knowledge of the abuse were instructed not to report the incidents to the State hotline, but rather only to report to Defendant Youngblood. Plaintiffs assert that each

2

and every one of the Defendants were aware of a similar assault on a minor, severely disabled student at the school that had occurred in March of 2022 by previous staff of the school. However, despite the actual knowledge of such previous assaults, no appropriate actions, policies or safeguards were put in place to prevent similar assaults from occurring against other similarly severely disabled students in the future.

Plaintiffs' First Amended Complaint ("Complaint") alleges eight counts: Count I - Negligence against Defendants Rinear and Youngblood; Count II - Negligent Supervision against Defendant Youngblood; Count III - Violation of Title II of the Americans with Disabilities Act ("ADA")/ the ADA as Amended against Defendants Ozark, MSBE, MDESE and MSSD; Count IV - Violation of the Rehabilitation Act of 1973 against Defendants Ozark, MSBE, MDESE and MSSD; Count V - Civil Assault and Battery against Defendant Rinear; Count VI - Intentional Infliction of Emotional Distress against Defendant Rinear; Count VII - Fraud against Defendants Rinear and Youngblood; and Count VIII - Negligent Infliction of Emotional Distress against Defendants Rinear and Youngblood. Defendants bring their current motion seeking judgment on the pleadings on Counts III, IV and VIII arguing that: (1) any claimed denial of benefits or other services from Defendants is not properly alleged as resulting by reason of Plaintiff's disability and (2) Plaintiff fails to state a claim for Negligent Infliction of Emotional Distress.

**STANDARD**

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed– but early enough not to delay trial." Fed. R. Civ. P. 12(c). The same legal standard used to evaluate a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) applies to a motion for judgment on the pleadings. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). When determining whether a complaint states a facially plausible claim, a district court

3

accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim for relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ANALYSIS**

## I.      Counts III and IV - Violations of Title II of the ADA and Rehabilitation Act

Defendants assert that to support his ADA and Rehabilitation Act claims, Plaintiffs allege that the State Defendants failed to protect Plaintiff J.M. against the assaults and failed to promptly and appropriately respond to Defendant Rinear's initial assault, based upon his disability, resulting in him being excluded from participating in, and being denied the benefits, services, programs and activities as a student of Defendant Ozark. However, Defendants argue that Plaintiffs fail in their Complaint to concretely tie any exclusion from certain benefits to Plaintiff J.M's disability. Defendants argue nowhere in Plaintiffs' Complaint is there any non-conclusory allegation that supports Plaintiff J.M was denied benefits, services, programs or activities of Defendant Ozark on the basis of his disability through conduct of the organizational defendants. Nor do they show that the motivation of the Defendants' conduct was "solely" by reason of Plaintiff J.M.'s disability, as is required by the Rehabilitation Act. Thus, Defendants argue that Plaintiffs' ADA and Rehabilitation claims must be dismissed.

Plaintiffs argue that they have plausibly alleged disability discrimination and denial of benefits under Title II and Section 504. Plaintiffs argue that the allegations in their Complaint

4

plausibly describe a disability-based denial of benefits and discrimination in the operation of Defendants' program and that J.M. was harmed and deprived of safe, meaningful participation in school services as Defendants failed to afford the protections and accommodations necessary for a severely disabled, nonverbal student in their care.

## A.  Title II of the ADA

In order to state a claim under Title II of the ADA, a plaintiff must allege:

(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [school's] services, programs, or activities, or was otherwise subjected to discrimination by the [school]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020) (quoting *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010)).

Taking the allegations in Plaintiffs' Complaint as true for the purpose of judgment on the pleadings, Plaintiffs have failed to raise a right to relief above a speculative level. Plaintiffs' Complaint states:

Plaintiff is a severely developmentally disabled male child, and a "qualified individual with a disability" as defined in 42 USC § 12131(2). *See also* ADA Amendments Act of 2008, § 4. Following the initial assaults against the minor Plaintiff, of which State Defendants had actual notice, State Defendants acted with deliberate indifference toward Plaintiff by:

a.  Failure to establish and implement effective policies, procedures and training to properly prevent, investigate and address assaults and harassment of students;

b.  Failure to follow any and all appropriate procedures in place to properly prevent, investigate and address assaults and harassment of students;

c.  Failure to properly report, investigate and address the initial assaults against Plaintiff and other students thereby allowing additional assaults to occur against Plaintiff;

5

> d.   Failure to impartially investigate the initial assaults against the Plaintiff and other students;
>
> e.   Failure to appropriate and immediately take remedial actions regarding the assaults against Plaintiff thereby allowing the school staff to remain in their positions and allowing further ongoing assaults against the Plaintiff; and
>
> f.   Failure to appropriately and immediately protect the eduction of the minor, disabled Plaintiff and offer him immediate alternative educational services that he had been denied due to the physical assaults against him.

(Complaint ¶¶ 95, 97-98).  While Plaintiffs' Complaint alleges a variety of ways on how Defendants failed Plaintiff J.M., there are no factual allegations that Plaintiff J.M. was excluded or discriminated against by reason of his disability. Plaintiffs argue that J.M.'s inability to self-advocate, communicate, and protect himself–core features of his disability–was a but-for cause of the exclusion/denial of meaningful educational benefits and of Defendants' deliberate-indifference failures to protect and respond. However, nowhere in Plaintiffs' Complaint is there a factual allegation that J.M. was discriminated against based on his disability. It is not claimed that Defendant Risner discriminated against J.M. due to his disability and Plaintiff's allegations above are not alleged to have been a result of Plaintiff J.M.'s disability. The pleading fails to establish the third element necessary for a Title II ADA claim. For the reason stated, Defendants' Motion for Judgment on the Pleadings as to Count III - Violation of Title II of the ADA against Defendants Ozark, MSBE, MDESE and MSSD is **GRANTED**. Judgment is hereby entered in favor of Defendants as to Count III.

## B.   Rehabilitation Act of 1973

> To prevail on a § 504 Rehabilitation claim, Plaintiffs must demonstrate: student (1) is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) he was discriminated against based on his disability.

6

*Baker v. Bentonville Sch. Dist.*, 610 F. Supp. 3d 1157, 1164 (W.D. Ark. 2022), *aff'd*, 75 F.4th 810 (8th Cir. 2023); *see also Layton v. Elder*, 143 F.3d 469, 479 (8th Cir. 1998).

Taking the allegations in Plaintiffs' Complaint as true for the purpose of judgment on the pleadings, Plaintiffs have failed to raise a right to relief above a speculative level. Plaintiffs' Complaint states:

> Plaintiff J.M is an "Student with a Disability" as defined by 29 USC 705(37) [Section 504 of the Rehabilitation Act of 1973]. Upon information and belief, Ozark Horizon State School is a recipient of federal funds, and is a public entity under the jurisdiction of 29 USC 705(37) [Section 504 of the Rehabilitation Act of 1973]. State Defendants failure to protect against the assaults against Plaintiff and failure to promptly and appropriately respond to Plaintiff's initial assault, *based upon his disability*, resulted in Plaintiff being excluded from participating in, and being denied the benefits, services, programs, and activities as a student of Ozark Horizon State School. Following the initial assaults against the minor Plaintiff, of which State Defendants had actual notice, State Defendants acted with deliberate indifference toward Plaintiff by:
>
> a. Failure to establish and implement effective policies, procedures and training to properly prevent, investigate and address assaults and harassment of students;
>
> b. Failure to follow any and all appropriate procedures in place to properly prevent, investigate and address assaults and harassment of students;
>
> c. Failure to properly report, investigate and address the initial assaults against Plaintiff thereby allowing additional and worsening assaults to occur against Plaintiff;
>
> d. Failure to impartially investigate the initial assaults against the Plaintiff and further falsifying their reports to indicate that the minor Plaintiff was in fact the physical aggressor and had assaulted the staff members and needed to be removed from the school;
>
> e. Failure to appropriate and immediately take remedial actions regarding the assaults against Plaintiff thereby allowing the school staff to remain in their positions and allowing further ongoing assaults against the Plaintiff; and
>
> f. Failure to appropriately and immediately protect the education of the minor, disabled Plaintiff and offer him immediate alternative educational services that he had been denied due to the psychical assaults against him.

(Complaint ¶¶ 101-102, 104-105) (emphasis added). Similar to Count III, Plaintiffs fail to allege how Plaintiff J.M. was excluded or discriminated against by reason of his disability in their Complaint. It is not claimed that Defendant Risner discriminated against J.M. due to his disability and Plaintiff's allegations above are not alleged to have been a result of Plaintiff J.M.'s disability. While Plaintiffs plead he was discriminated based upon his disability, there are no factual allegations that support this conclusory statement. The pleading fails to establish the third element necessary for a Rehabilitation Act claim. For the reasons stated, Defendants' Motion for Judgment on the Pleadings as to Count IV - Violation of the Rehabilitation Act of 1973 against Defendants Ozark, MSBE, MDESE and MSSD is **GRANTED**. Judgment is hereby entered in favor of Defendants as to Count IV.

## II.    Count VIII - Negligent Infliction of Emotional Distress

The Defendants argue that Plaintiff fails to allege that his parents were present at the scene of any abuse or that either one was placed in reasonable fear of physical injury to his or her own person. The Defendants further assert that Plaintiff's allegations state that they watched the alleged abuse via video and were placed in fear of physical injury of their son. The Defendants argue that these allegations do not make out a negligent infliction of emotional distress claim as they do not plead that Plaintiff's parents were present at the scene or that they were placed in reasonable fear of physical injury to either of their persons. Plaintiffs argue that they plausibly plead negligent infliction of emotional distress. Specifically, Plaintiffs allege that Defendants owed duties of supervision and protection and that Defendants' breaches foreseeably caused serious emotional distress to J.M.'s parents, including distress arising from learning of and viewing evidence of abuse inflicted on their severely disabled, nonverbal child while in Defendants' care. The Plaintiffs assert

8

that these allegations plausibly plead duty, breach, causation, and medically diagnoseable emotional distress.

"The tort of negligent infliction of emotional distress is a negligence action." *Doe v. Sutton*, No. 4:23-CV-01312-SEP, 2026 WL 874008, at *6 (E.D. Mo. Mar. 31, 2026) (quoting *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001)). The general elements of negligence are "1) a legal duty of the defendant to protect the plaintiff from injury, 2) breach of the duty, 3) proximate cause, and 4) injury to the plaintiff." *Id*. Claims for negligent infliction of emotional distress also "require proof of two additional elements: [5)] that the defendant should have realized that this conduct involved an unreasonable risk of causing distress, and [6)] that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Id*.

Taking the allegations as true for the purpose of judgment on the pleadings, Plaintiffs have failed to raise a right to relief above a speculative level. Plaintiffs' Complaint states:

> Each and every one of the Defendants owed a private individualized duty of supervision care, custody and protection of J.M. as a student of Ozark Horizon State School. Each and every one of the Defendants breached the Ozark Horizon State School's Policy and their duty of supervising, custody, care and protection of J.M while J.M was in their care and each and every one of the Defendants as the direct and/or proximate cause of J.M.'s damages. Individual Defendants Rinear and Youngblood should have realized that allowing the repeated assaults and abuse of a disabled 9-year-old boy to continue without reporting it to authorities or taking other steps to stop the assaults on J.M., involved an unreasonable risk of harm to J.M. As a result of Indivdual Defendants Rinear and Youngblood's aforementioned acts and omissions, *J.M.'s parents suffered emotional distress, outrage, humiliation, fear, anguish, and anxiety in concern for their severely developmentally disabled 9-year-old son.*

(Complaint ¶¶ 29, 37, 134 and 137) (emphasis added). Plaintiffs attempt to bring a claim from G.M. and W.S., the parents of the minor child J.M., into this proceeding. The Complaint states that G.M. and W.S. suffered the emotional distress associated with the alleged assault and battery of

J.M. in this count. However, as Next Friends they are barred from bringing their own claims but must instead focus on the claims of the minor child J.M. This is explicitly stated in Federal Rule of Civil Procedure 17(c)(1) stating "[t]he following representatives *may sue or defend on behalf of a minor or an incompetent person[.]*" The claim Plaintiffs bring in this count is one that properly belongs to the parents of J.M. and not J.M. himself. *See Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 465 (Mo. 2001) (a claim for the negligent infliction of emotional distress … is not a derivate claim arising form the injury of another. Instead, it is a claim for the emotional injury of a plaintiff arising from the negligent behavior of another."). As the damages in this claim were not suffered by J.M. but rather his parents, they are the proper party to bring this action in a separate suit and not to tie their personal claims in with that of J.M. For the reasons stated, Defendants' Motion for Judgment on the Pleadings as to Count VIII - Negligent Infliction of Emotional Distress against Defendants Rinear and Youngblood is **GRANTED**. Judgment on the pleadings on Count VIII is hereby entered in favor of Defendants. [1]

**CONCLUSION**

For the reasons set forth, Defendants' Motion for Judgment on the Pleadings is **GRANTED**. Judgment on the pleadings is hereby entered in favor of Defendants as to Counts III - Violation of Title II of the ADA; Count IV - Violation of the Rehabilitation Act of 1973; and Count VIII - Negligent Infliction of Emotional Distress.

**IT IS SO ORDERED**.

DATED: June 25, 2026

*/s/ Douglas Harpool*

---

[1] The Plaintiffs ask in the alternative for leave to amend to rectify any deficiencies in this count. However, since this count was one belonging to the parents of J.M. and not J.M. himself, no amendment to the pleadings would rectify the deficiency in this count. Further, the parents of J.M. may sue in their individual capacities against the Defendants if they would like to pursue this count.

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

11